```
                                                    FILED
                                              U.S. DISTRICT COURT
                                                AUGUSTA DIV.
                                              2016 MAY 19 AM 11:27
                                              CLERK_____
                                              SO. DIST. OF GA.
```

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 106-028 |
| | * | |
| JEREMIAH LANE | * | |

## O R D E R

In January 2016, Defendant Jeremiah Lane filed a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. Defendant had pleaded guilty to conspiracy to rob commercial businesses; robbery of a commercial business; and discharging a firearm during a crime of violence; he was sentenced on Feburary 20, 2007 on those crimes. Defendant contended in his § 2255 petition that he did not possess a firearm. The petition was dismissed as untimely on April 18, 2016. In the Order of April 18, 2016, this Court denied the issuance of a certificate of appealability and determined that Defendant is not entitled to proceed *in forma pauperis* on appeal. On May 5, 2016, this Court denied Defendant's motion for reconsideration and denied as moot his motion to proceed in forma pauperis on appeal.

The Court allowed the Clerk's office to re-file Defendant's motion for reconsideration as a Notice of Appeal however.

On May 12, 2016, the Court received two separate motions from Defendant in this criminal case. First, Defendant filed another motion to proceed in forma pauperis on appeal, this time also requesting appointment of counsel. (See Doc. No. 66.) Both requests are **DENIED**. As previously explained, an appeal from this Court's dismissal of the § 2255 motion presents no non-frivolous issues and is therefore not taken in good faith. Of course, just as Defendant is free to seek a certificate of appealability in the Eleventh Circuit Court of Appeals, he may seek the appointment of counsel in that same court. See 11th Cir. R. Addendum Four, 11th Cir. Plan Under the Criminal Justice Act § (d)(2) ("Appointment of counsel on appeal may be requested in this court by filing an appropriate motion supported by an affidavit which substantially complies with Form 4 in the Appendix to the [Federal Rules of Appellate Procedure].").

Second, Defendant filed a motion to reduce sentence. Defendant argues therein that the firearm conviction somehow places him in "double jeopardy." (Doc. No. 65.) This motion is also **DENIED**. Defendant's argument attacks the legality of his sentence; thus, the motion is only cognizable under 28 U.S.C. § 2255. Defendant, however, fails to reference or cite § 2255. Cognizant of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Defendant's motion as a § 2255 motion. Besides,

Defendant has already filed a § 2255 motion, and in order for him to bring another § 2255 motion, he would have to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3).

**ORDER ENTERED** at Augusta, Georgia, this 19th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE